UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
==================================

RODNEY LADARYL FERBY,

                Plaintiff,

-against-

THE CITY OF NEW YORK, MAYOR
WILLIAM DeBLASIO, WILLIAM
BRATTON, POLICE COMMISSIONER
OF THE CITY OF NEW YORK and
POLICE OFFICER CHRISTOPHER
FURDA

                Defendants.
==================================

FILED
CLERK

2015 DEC -8  AM 11:09

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

COMPLAINT

JURY TRIAL REQUESTED

**CV 15       6972**

**ROSS, J.**

**REYES, M.J.**

Plaintiff as of for a complaint respectfully alleges:

## JURISDICTION

1. Jurisdiction of the court is by reason of 42 US Code 1983 in that the causes of action complained of arose by reason of the Defendant's actions under color of state authority which violated the Plaintiff's rights conferred by the 4th, 5th and 14th amendments to the US Constitution: Pendent state action jurisdiction is founded upon the allegation that the state cause of action arose from the same incident upon which the Federal claims are based. Venue is based on the residence of the Plaintiff is in the Eastern District of New York.

## THE PARTIES

2. At all times hereinafter mentioned, the Plaintiff was and still is a citizen of the State of New York, Kings County.

3. At all times hereinafter mentioned the defendant City of New York was and still is a municipality existing under the laws of the State of New York; the Defendant William

DeBlasio is Mayor of the City of New York as Chief Executive Officer and successor to Michael Bloomberg, the Defendant William Bratton is Police Commissioner of the City of New York and successor to Raymond Kelly, and Police Officer Christopher Furda was and still is a member of the New York City Police Department.

## FACTUAL ALLEGATIONS.

4. On January 31, 2013 in the County of Kings, City of New York, the Plaintiff was arrested by Defendant Police officer Christopher Furda, during which time the Plaintiff was physically assaulted by pushing him against a patrol car and hitting him multiple times with a baton, causing him personal injuries.

5. At no time did the plaintiff commit any criminal act in the presence of the defendant, Christopher Furda.

6. The Defendant Christopher Furda had no probable cause to place the Plaintiff under arrest.

7. While under arrest the Plaintiff was subjected to handcuffs which hurt and injured his wrists.

8, While at the 72nd precinct the Plaintiff was refused medical attention for injuries sustained; and was held for approximately 33 hours in the precinct under arrest.

9. The Plaintiff received medical attention after his release for the injuries sustained during the arrest.

10. The Plaintiff was served with criminal charges by the Kings Count District Attorney in court by reason of which the Plaintiff's liberty was adversely impacted.

11. On July 29, 2014 a trial on the criminal charges took place which resulted in a acquittal of all charges.

## AS AND FOR A FIRST CAUSE OF ACTION, ASSAULT

12. Plaintiff repeats and reiterates each and every allegation of paragraphs 1- 11 as if more fully set herein at length.

13. That by reason of the assault by Police Officer Christopher Furda, Plaintiff was caused to suffer disabling physical and psychological impairments requiring medical attention giving rise to Plaintiff's cause of action for assault by the Defendant Furda acting under the color of state authority in violation of the U.S. Constitution, all to his damage in the amount of $2,000,000.00 or such other amount that on trial shall be deemed appropriate.

## AS AND FOR A SECOND CAUSE OF ACTION, FALSE ARREST

14. Plaintiff repeats and reiterates each and every allegation of paragraphs 1- 13 as if more fully set herein at length.

15. That by reason of the action of the Defendant Furda the Plaintiff was arrested, without a warrant, and restrained in handcuffs tightened to the point of pain against his wrists, without just cause, all to his damage in the amount of $2,000,000.0 or such other amount that on trial shall be deemed appropriate.

## AS AND FOR A THIRD CAUSE OF ACTION, DEPREVATION OF LIBERTY

16. Plaintiff repeats and reiterates each and every allegation of paragraphs 1- 15 as if more fully set herein at length.

17. That from January 31, 2013 until July 29, 2014 the Plaintiff was deprived of unfettered liberty by reason of his required attendance on multiple occasions in the criminal court in the city of New York County of Kings, all to his damage in the amount of $2,000,000.00 or such other amount that on trial shall be deemed appropriate.

### AS AND FOR A FOURTH CAUSE OF ACTION, MALICIOUS PROSECUTION

18. Plaintiff repeats and reiterates each and every allegation of paragraphs 1- 17 as if more fully set herein at length.

19. That heretofore on or about February 1, 2013, the Defendant Christopher Furda did cause a Criminal Complaint to be filed in Criminal Court in the City of New York County of Kings charging the Plaintiff with the false allegations of criminal mischief in the fourth degree, criminal trespass in the third degree and trespass and resisting arrest, all of which led to an acquittal after trial, all to his damage in the amount of $2,000,000.00 or such other amount that on trial shall be deemed appropriate.

### AS AND FOR A FIFTH CAUSE OF ACTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND SLANDER, PENDANT STATE ACTION

20. Plaintiff repeats and reiterates each and every allegation of paragraphs 1- 19 as if more fully set herein at length.

21. Heretofore the Plaintiff had no prior arrests or charges of a criminal nature.

22. That by reason of the false arrest, malicious prosecution leading to acquittal, the Plaintiff timely filed a notice of claim alleging that he has suffered extreme emotional distress, the requirement that in future applications for employment or governmental licensing the Plaintiff will have to truthfully reveal that he had been arrested, which truthful assertion will have to be explained putting him at a disadvantage to others applying for the same benefit, all to his damage in the amount of $2,000,000.00 or such other amount that on trial shall be deemed appropriate.

### AS AND FOR A SIXTH CAUSE OF ACTION, MUNICIPLE LIABILITY

23. Plaintiff repeats and reiterates each and every allegation of paragraphs 1- 22 as if

more fully set herein at length.

24. The actions of the Defendant Christopher Furda were done under the color of State authority and were in conflict with standard police procedures.

25. The failure of the Defendant Christopher Furda to exercise standard and appropriate Police action, was the result of the failure of the predecessors of the Defendant Mayor William DeBlasio and of the predecessor of the Defendant Police Commissioner William Bratton to adequately train and supervise the Defendant Furda and the other police officers who assisted defendant Christopher Furda, all to his damage in the amount of $2,000,000.00 or such other amount that on trial shall be deemed appropriate.

## RELIEF REQUESTED.

26. BY REASON WHEREOF, the Plaintiff requests judgment against each of the defendants in the amount of $2,000,000.00 or such other amount that on trial shall be deemed appropriate on each of the causes of actions FIRST through SIXTH, together with costs and reasonable attorney fees.

Respectfully Submitted:
Dated: December    , 2015

Brian Figeroux
Attorney for Plaintiff
26 Court St., Suite 701
Brooklyn, N.Y 11242
(718) 722-9217
bfigeroux@msn.com